IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL L. REEVES & MEREDITH REEVES )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CUSTOMIZED TRUCKING SERVICES, INC., )<br>EIGHTEEN LOGISTICS, LLC & OLD )<br>REPUBLIC INSURANCE COMPANY )<br>)<br>)<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br>FILE NO.: |

## COMPLAINT

Plaintiffs Daniel L. Reeves and Meredith Reeves file this Complaint against Defendants Customized Trucking Services, Inc. ("Defendant Customized Trucking"), Eighteen Logistics, LLC ("Defendant Eighteen Logistics") and Old Republic Insurance Company as follows:

## JURISDICTION, VENUE AND PARTIES

1.

Plaintiffs Daniel L. Reeves and Meredith Reeves are husband and wife and are citizens of the State of Georgia.

2.

Defendant Customized Trucking Services, Inc. is a Florida corporation with its principal office located in Jacksonville, Florida. Defendant Customized Trucking is an interstate motor

carrier of property for hire. Defendant may be served with process through its registered agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, Marietta, GA 30066.

3.

Defendant Eighteen Logistics, LLC is a Florida limited liability company with its principal office in Coral Gables, Florida. Defendant may be served with process through its registered agent, Sira Capital Corp., 95 Merrick Way, Coral Gables, Florida.

4.

Defendant Old Republic Insurance Company is a Pennsylvania insurance company with its principal office in Greensburg, Pennsylvania. Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, 40 Technology Parkway South, Suite 300, Norcross, GA.

5.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §1332(c)(1), as Plaintiffs and Defendants are citizens of different states and the amount in controversy herein exceeds $75,000.

6.

This Court is a proper venue for this civil action pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.4, as the event giving rise to the Plaintiffs' claims occurred in Jasper County, Georgia.

## FACTS

7.

The incident that is the subject of this lawsuit occurred on June 14, 2018 on Georgia Highway 83 near Murder Creek in Jasper County.

8.

The incident that is the subject of this lawsuit involved a collision between a 2012 Volvo 13Power tractor (the "Volvo tractor") driven by Anthony Jerome Pittman ("Pittman") and a 2014 Suzuki DL 1000 motorcycle driven by Plaintiff Daniel Reeves.

9.

Defendant Eighteen Logistics owned the Volvo tractor on the incident date.

10.

Prior to the subject incident, Defendant Eighteen Logistics leased the Volvo tractor to Defendant Customized Trucking for use in its business as an interstate motor carrier.

11.

Pittman had a commercial driver's license and worked as a commercial truck driver on the incident date.

12.

On the incident date, Pittman was employed by Defendant Customized Trucking as a commercial truck driver.

13.

On the incident date, Pittman was employed by Defendant Eighteen Logistics as a commercial truck driver.

14.

On the incident date, Pittman drove the Volvo tractor south on Georgia Highway 83 in Jasper County.

15.

On the incident date, two of the Volvo tractor's right brakes were out-of-adjustment.

16.

On incident date, the automatic slack adjusters for the Volvo tractor's two out-of-adjustment right brakes were not working and failed to adequately compensate for wear on the brakes.

17.

On the incident date, Pittman drove the Volvo tractor behind a vehicle operated by Sandra Morris ("Morris") as they approached Murder Creek in the southbound lane of Highway 83.

18.

As Pittman and Morris approached Murder Creek in the Southbound lane of Georgia Highway 83 on the incident date, Pittman drove the Volvo tractor faster than the 45 mile per hour speed limit.

19.

As Pittman and Morris approached Murder Creek in the southbound lane of Georgia Highway 83 on the incident date, Pittman followed Morris to closely and failed to keep an adequate distance the Volvo tractor and Morris' vehicle.

20.

As Pittman and Morris approached Murder Creek in the southbound lane of Georgia Highway 83 on the incident date, Plaintiff Daniel Reeves approached Murder Creek in the northbound lane of Georgia Highway 83.

21.

As Plaintiff Reeves approached Murder Creek, he entered the southbound lane of travel while lawfully passing a car ahead of him.

22.

At the time Plaintiff Reeves began his pass, there was adequate distance between him and Morris' vehicle to safely complete his pass.

23.

When Plaintiff Reeves began his pass, Morris slowed down and pulled her vehicle off to the right shoulder of the road.

24.

Plaintiff Reeves completed his pass and returned to the northbound lane of travel on Georgia Highway 83 and was fully within the northbound lane of Georgia Highway 83.

25.

As Morris slowed down and pulled her vehicle off to the right shoulder of the road, Pittman attempted to brake but was unable to bring the Volvo tractor to a controlled stop because two of right brakes were out of adjustment, the automatic slack adjusters for the Volvo tractor's two out-of-adjustment brakes were not working and failed to adequately compensate for wear on the brakes, Pittman was speeding, and he was following Morris' vehicle too closely.

26.

Because Pittman was unable to bring the Volvo tractor to a controlled stop, the tractor crossed into the northbound lane of Georgia Highway 83.

27.

The right front of the Volvo tractor clipped Plaintiff Reeves' motorcycle, causing him to lose control and crash.

**COUNT I – DEFENDANTS CUSTOMIZED TRUCKING SERVICES, INC. & EIGHTEEN LOGISTICS, LLC'S NEGLIGENT VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS**

28.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

Pursuant to 49 CFR § 396.3, Defendant Customized Trucking Services had a nondelegable duty to systematically inspect, repair, and maintain the Volvo tractor's brake system so that the components were in safe and proper operating condition at all times.

- 7 -

30.

Defendant Customized Trucking Services negligently violated its nondelegable duty under 49 CFR § 396.3, which constitutes negligence per se.

31.

Pursuant to 49 § CFR 396.7, Defendant Customized Trucking Services had a nondelegable duty to ensure that the Volvo tractor was not operated on Georgia's highways and roads while it was in an unsafe condition.

32.

Defendant Customized Trucking Services negligently violated its nondelegable duty under 49 CFR § 396.7, which constitutes negligence per se.

33.

Defendant Customized Trucking Services' negligent violation of its nondelegable duties under 49 CFR §§ 396.3 and 396.7 was a direct and proximate cause of Plaintiffs' injuries and damages.

34.

Pursuant to 49 CFR § 396.3, Defendant Eighteen Logistics had a nondelegable duty to systematically inspect, repair, and maintain the Volvo tractor's brake system so that the components were in safe and proper operating condition at all times.

35.

Defendant Eighteen Logistics negligently violated its nondelegable duty under 49 CFR § 396.3, which constitutes negligence per se.

36.

Pursuant to 49 § CFR 396.7, Defendant Eighteen Logistics had a nondelegable duty to ensure that the Volvo tractor was not operated on Georgia's highways and roads while it was in an unsafe condition.

37.

Defendant Eighteen Logistics negligently violated its nondelegable duty under 49 CFR § 396.7, which constitutes negligence per se.

38.

Defendant Eighteen Logistics' negligent violation of its nondelegable duties under 49 CFR §§ 396.3 and 396.7 was a direct and proximate cause of Plaintiffs' injuries and damages.

**COUNT II – NEGLIGENCE OF DEFENDANT CUSTOMIZED TRUCKING SERVICES, INC. & DEFENDANT EIGHTEEN LOGISTICS, LLC UNDER DOCTRINE OF RESPONDEAT SUPERIOR**

39.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

On the incident date, Pittman negligently followed Morris' vehicle too closely, failed to maintain his lane, sped, and failed to exercise due care.

41.

On incident date, Pittman violated O.C.G.A. § 40-8-7 by driving a tractor-trailer with brakes that were inadequate to control the movement of and to stop and hold the tractor-trailer.

42.

On the incident date, Pittman violated O.C.G.A. § 40-8-7 by driving a tractor-trailer that was not in good working order and in a condition to endanger other drivers on the highway

43.

On the incident date, Pittman violated O.C.G.A. § 40-6-49 by following Morris' car more closely than was reasonable and prudent given the speed of the vehicles, the traffic and the condition of the roadway.

44.

On the incident date, Pittman violated O.C.G.A. § 40-6-48 by failing to drive his tractor-trailer entirely within a single lane.

45.

On the incident date, Pittman violated O.C.G.A. § 40-6-180 by driving his tractor-trailer at a speed greater than was reasonable and prudent under the conditions and is negligent per se.

46.

On the incident date, Pittman violated O.C.G.A. § 40-6-181 by driving his tractor-trailer faster than the 45 mile per hour posted speed limit and is negligent per se.

47.

Pittman's violations of O.C.G.A. §§ 40-8-7, 40-6-49, 40-6-48, 40-6-180, and 40-6-181 constitute negligence per se.

48.

Pittman's negligence and negligence per se on the incident date were a proximate cause of the collision with Plaintiff Reeves' vehicle and Plaintiffs' injuries and damages.

49.

On the incident date, Pittman drove and operated the Volvo tractor with Defendant Customized Trucking's consent, permission, and knowledge, and for Defendant Customized Trucking's benefit, in the course and scope of his employment with Defendant Customized Trucking.

50.

Under the doctrine of respondeat superior, Defendant Customized Trucking is negligent and negligent per se.

51.

Under the doctrine of respondeat superior, Defendant Customized Trucking is liable for any and all of Pittman's negligent acts and omissions that directly or proximately caused injuries and damages to Plaintiffs.

52.

On the incident date, Pittman drove and operated the Volvo tractor with Defendant Eighteen Logistic's consent, permission, and knowledge, and for Defendant Eighteen Logistic's benefit, in the course and scope of his employment with Defendant Eighteen Logistics.

53.

Under the doctrine of respondeat superior, Defendant Eighteen Logistics is negligent and negligent per se.

54.

Under the doctrine of respondeat superior, Defendant Customized Trucking is liable for any and all of Pittman's negligent acts and omissions that directly or proximately caused injuries and damages to Plaintiffs.

**COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT CUSTOMIZED TRUCKING SERVICES, INC. & DEFENDANT EIGHTEEN LOGISTICS, LLC**

55.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 54 above as if fully restated.

56.

Defendants Customized Trucking and Eighteen Logistics were negligent in hiring Pittman and entrusting him to drive a commercial motor vehicle.

57.

Defendants Customized Trucking and Eighteen Logistics were negligent in failing to properly train Pittman.

58.

Defendants Customized Trucking and Eighteen Logistics were negligent in failing to properly supervise Pittman.

59.

Defendants Customized Trucking and Eighteen Logistics' negligence in hiring Pittman and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision and Plaintiffs' resulting injuries.

## COUNT IV – JOINT VENTURE BY DEFENDANT CUSTOMIZED TRUCKING SERVICES, INC. & DEFENDANT EIGHTEEN LOGISTICS, LLC

60.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 59 above as if fully restated.

61.

Defendants Customized Trucking and Eighteen Logistics are liable for the acts and omissions of the other because they were engaged in a joint venture and enterprise and acted in concert in the establishment, operation, management and control of Pittman and the Volvo tractor. Defendants share a common purpose and combined their property and labor in establishing, operating, managing, and/or controlling Pittman and the Volvo tractor and combined their property and labor for the purpose of making a profit. Defendant each had a right of mutual control over the establishment operation, management, control, supervision, and maintenance of Pittman and the Volvo tractor.

## COUNT V – DAMAGES

62.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 61 above as if fully restated.

63.

As a direct and proximate result of Defendants' negligence, Plaintiff Reeves suffered severe, disabling physical injuries including a mangled left leg that required amputation and an incomplete spinal cord injury; and mental and emotional injuries.

64.

Plaintiff Daniel Reeves incurred and will continue to incur medical expenses as a direct and proximate result of Defendants' negligence.  His medical bills currently total as follows:

- Medical Center of Central Georgia     $376,942.18
- Shepherd Center                                    $314,055.35
- Hanger Clinic                                          $ 11,427.47
- St. Mary's Health Care                         $ 12,746.99

Total                                                             **$715,171.99**

65.

Plaintiff Daniel Reeves has and will continue to suffer lost wages as a direct and proximate result of Defendants' negligence.

66.

Plaintiff Daniel Reeves is entitled to recover for his past, present, and future personal injuries; past present and future medical and related expenses; past present and future lost wages; and past, present, and future mental and physical pain and suffering.

67.

As a direct and proximate result of Defendants' negligence, Plaintiff Meredith Reeves has been and will continue to be deprived of Plaintiff Daniel Reeves' consortium, companionship and services.

68.

Plaintiff Meredith Reeves is entitled to recover for her past, present, and future loss of consortium, companionship, and services.

69.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries and damages.

## COUNT VI – PUNITIVE DAMAGES AGAINST DEFENDANT CUSTOMIZED TRUCKING SERVICES, INC. & DEFENDANT EIGHTEEN LOGISTICS, LLC

70.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 69 above as if fully restated.

71.

Defendants Customized Trucking and Eighteen Logistics' conduct in negligently inspecting, maintaining and repairing the Volvo tractor was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles Plaintiffs to an award of punitive damages.

72.

Defendants Customized Trucking and Eighteen Logistics' conduct in hiring, training and supervising Pittman was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles Plaintiffs to an award of punitive damages.

73.

This wreck resulted from a pattern of dangerous and reckless driving by Pittman and other drivers employed by Defendants Customized Trucking and Eighteen Logistics. Defendants' conduct

was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of his actions and entitles Plaintiffs to an award of punitive damages.

## COUNT VII – DIRECT ACTION AGAINST DEFENDANT OLD REPUBLIC INSURANCE COMPANY

74.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 73 above as if fully restated.

75.

Defendant Old Republic was the insurer of Defendant Customized Trucking at the time of the wreck and issued a liability policy to Defendant Customized Trucking.

76.

Defendant Old Republic is subject to a direct action as the insurer for Defendant Customized Trucking pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

77.

Defendant Old Republic is responsible for any judgment rendered against Defendant Customized Trucking.

## COUNT VII – DEFENDANTS LIABILITY UNDER O.C.G.A. § 13-6-11

78.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 77 above as if fully restated.

79.

Pursuant to O.C.G.A. § 13-6-11, Defendants have been stubbornly litigious, have acted in bad faith, or have caused Plaintiffs' unnecessary trouble or expense, entitling Plaintiffs to recover their expenses of litigation, including attorneys' fees, in an amount to be determined by the evidence submitted at the trial of this case.

WHEREFORE, Plaintiffs Daniel Reeves and Meredith Reeves request as follows:

(A) That Plaintiffs have judgment against the Defendants for the claims asserted herein in amounts to be determined at the trial of this civil action;

(B) That Plaintiffs recover their expenses of litigation, including reasonable attorneys' fees, in an amount based upon the evidence submitted at the trial of this civil action;

(C) That process issue and Defendants be served according to law;

(D) That all costs of this action be cast against the Defendants; and

(E) That the Court grant Plaintiffs such other and further relief as is just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims.

This 26th day of June, 2019.

        **BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**

        */s/Michael Ruppersburg*
        Michael Ruppersburg
        Georgia Bar No. 432211
        James B. Matthews, III
        Georgia Bar No. 477559
        Lee S. Atkinson
        Georgia Bar No. 255445
        Alexandra K. Hughes
        Georgia Bar No. 650696

P.O. Box 832
Athens, GA 30603
(706)354-4000